Jonathan Lee Riches
9713 Baxley Ln
Port Richey, Florida 34668
(202) 666-9762
truth.seeking.sleuth@gmail.com
Plaintiff, Pro Se

✓ FILED ___ LODGED
___ RECEIVED ___ COPY
OCT 3 0 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY__________ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jonathan Lee Riches,<br><br>Plaintiff,<br>v.<br><br>Helen Brennan, a/k/a "Hella," owner of the YouTube channel "Hella Excited Utterance" (@Excitedutterance); Matthew Filipczuk, a/k/a "Dali,"<br><br>Defendants. | Case No. CV-26-10093-PHX-MBM<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND INJUNCTIVE RELIEF**<br>(17 U.S.C. §§ 501, 502, 504, 505)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jonathan Lee Riches, appearing pro se, alleges as follows against Defendants Helen Brennan and Matthew Filipczuk:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq. Defendants copied Plaintiff's registered motion pictures and published them on YouTube and X (formerly Twitter) without permission. Plaintiff seeks a court order restraining the infringement, including an order keeping the

infringing YouTube videos identified below from being reinstated, together with damages and costs.

## PARTIES

2. Plaintiff Jonathan Lee Riches is an individual residing at 9713 Baxley Ln, Port Richey, Florida 34668. Plaintiff creates and publishes video content under the name "JLR Investigates" on YouTube and on X at @JLRINVESTIGATES.

3. Defendant Helen Brennan, known online as "Hella," is an individual who resides in Brisbane, Queensland, Australia. Brennan owns and operates the YouTube channel "Hella Excited Utterance," handle @Excitedutterance. Brennan uploaded the infringing videos identified below to that channel. Attorney David Helm of Helm Law submitted the counter-notifications described below on behalf of the Hella Excited Utterance channel, stating that he did so "in response to the copyright takedown notice only."

4. Defendant Matthew Filipczuk, known online as "Dali," is an individual residing at 10505 E. Clinton Street, Scottsdale, Maricopa County, Arizona 85259. Filipczuk is Brennan's co-host on the Hella Excited Utterance channel and appears as co-host in the infringing videos. Filipczuk also operates the X account @BabouTheOcicat, display name "Dali Talk."

5. On information and belief, Brennan pays Filipczuk a share of the revenue the Hella Excited Utterance channel earns, and Brennan and Filipczuk operate the channel jointly. Brennan has described Filipczuk as her "US counterpart" in the title of a video on the channel, and told Filipczuk during a livestream on the channel, "we are in this together." These allegations are likely to have evidentiary support after a reasonable opportunity for discovery.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, and under 28 U.S.C. § 1338(a) because this action arises under an Act of Congress relating to copyrights.

7. This Court has personal jurisdiction over Filipczuk because he resides in Arizona and committed the infringing acts alleged here, in whole or in part, from Arizona.

8. This Court has personal jurisdiction over Brennan under Fed. R. Civ. P. 4(k)(1)(A) and Arizona Rule of Civil Procedure 4.2(a), which reaches to the limits of due process. Brennan purposefully directed her conduct, including the infringing conduct alleged here, at Arizona: (a) she produces and publishes the channel's videos, including the infringing videos, jointly with Filipczuk, an Arizona resident, whom she calls her "US counterpart" in the title of a video on the channel ("Cope and seethe my US counterpart!") and to whom she said on a livestream, "we are in this together"; (b) the infringing video identified in Count II is about a disorderly-conduct citation in Tucson, Arizona, and its thumbnail displays graphics referring to a Tucson, Arizona lawyer; (c) she publishes Arizona-focused content for profit, including a members-only video, available only to paying members of the channel, titled "Lori Daybell Jail Body Cam Maricopa Arizona - Caught on bodycam"; and (d) she sells merchandise through the channel's YouTube store, including a shirt listed as "Do You Have a MOM? super stylin Arizona guys Tee." Plaintiff's claims arise out of or relate to these Arizona-directed activities.

9. In the alternative, if Brennan is not subject to jurisdiction in any state's courts of general jurisdiction, this Court has personal jurisdiction over her under Fed. R. Civ. P. 4(k)(2). Plaintiff's claims arise under federal law, and Brennan's contacts with the United States as a whole, including publishing the infringing videos on YouTube to a United States audience, using works first published in the United States, and retaining United States counsel to respond to Plaintiff's takedown notices, make the exercise of jurisdiction consistent with the Constitution and laws of the United States.

10. Venue is proper in this District under 28 U.S.C. § 1400(a) because Filipczuk resides and may be found in this District, and under 28 U.S.C. § 1391(c)(3)

because Brennan does not reside in the United States and may be sued in any judicial district.

## PLAINTIFF'S COPYRIGHTED WORKS

11. Plaintiff is the sole author and owner of the motion picture "JLR INVESTIGATES TRAVEL" (the "Travel Work"), first published in the United States on May 30, 2026. The Travel Work was recorded at CrimeCon 2026 in Las Vegas, Nevada, and includes Plaintiff's YouTube livestream titled "BREAKING - WILD CRAZINESS!! CRIMECON! LAS VEGAS - LIVE," YouTube video ID LFK8PIKe9ps.

12. The United States Copyright Office registered the Travel Work under Registration No. PA 2-610-953, with an effective date of registration of October 23, 2026. A true copy of the certificate of registration is attached as Exhibit A.

13. Plaintiff is the sole author and owner of the motion picture "JLR SANTA MONICA CORNDOG" (the "Corndog Work"), first published in the United States on August 29, 2026, at https://x.com/JLRINVESTIGATES/status/2093835831593374103.

14. The United States Copyright Office registered the Corndog Work under Registration No. PA 2-610-962, with an effective date of registration of October 26, 2026. A true copy of the certificate of registration is attached as Exhibit B.

15. The Corndog Work was registered within three months after its first publication. Under 17 U.S.C. § 412(2), statutory damages are available for infringement of the Corndog Work.

16. Plaintiff has satisfied the registration requirement of 17 U.S.C. § 411(a) for both works.

17. Plaintiff never licensed or authorized either Defendant to copy, display, perform, or distribute any part of the Travel Work or the Corndog Work.

## DEFENDANTS' INFRINGING CONDUCT

18. Infringing Video 1. On or about October 17, 2026, Brennan uploaded to the

Hella Excited Utterance YouTube channel a video titled "JLR demonetized for doxxing and bullying/harrassment? That makes NO SENSE!! w @MagnificentMojave" at https://www.youtube.com/watch?v=TAUdWxGEX2U ("Video 1"). Filipczuk appears in Video 1 as Brennan's co-host. The description of Video 1 credits the X user @magmojave as having made the video, as shown in Exhibit C.

19. Video 1 copies footage from the Travel Work. The copied footage appears in Video 1 from 0:00:41 to 0:01:28 and was taken from Plaintiff's CrimeCon livestream (video ID LFK8PIKe9ps) at 1:45:07 to 1:45:49.

20. On October 23, 2026, Plaintiff submitted a copyright removal request to YouTube for Video 1. YouTube's confirmation is attached as Exhibit C. YouTube removed Video 1, as shown in Exhibit D.

21. Infringing Video 2. On or about October 6, 2026, Defendants published on the Hella Excited Utterance YouTube channel a video titled "Mannequin hires Doug the Ex-Judge for his disorderly conduct citation + Let's talk extortion" at https://www.youtube.com/watch?v=maC9ViPXA_Q ("Video 2"). Filipczuk appears in Video 2 as Brennan's co-host.

22. Video 2 uses, as its thumbnail image, a frame copied from the Corndog Work showing Plaintiff eating a corndog, overlaid with the words "GOING TO TRIAL!!" and graphics referring to a Tucson, Arizona lawyer. The thumbnail is displayed publicly to every person who views or searches for Video 2. Plaintiff submitted a copyright removal request to YouTube for Video 2, and YouTube removed Video 2.

23. On October 28, 2026, Brennan, through attorney David Helm, submitted counter-notifications to YouTube for Video 1 and Video 2, demanding that both videos be reinstated. Copies are attached as Exhibits D and E. YouTube notified Plaintiff that both videos may be reinstated unless Plaintiff provides evidence of a lawsuit seeking a court order to restrain the infringement.

24. Infringing Profile Image. Filipczuk uses, as the profile image of his X account @BabouTheOcicat ("Dali Talk"), at https://x.com/BabouTheOcicat, a still frame of Filipczuk himself that he screenshotted from the Travel Work. The account is verified, has more than 38,000 posts and approximately 3,295 followers, and promotes Filipczuk's YouTube channel at youtube.com/@DaliTalk. The image is displayed publicly next to every post Filipczuk makes. Filipczuk was still displaying the image as of October 28, 2026, and continues to display it. A screenshot of the profile image taken on October 28, 2026, is attached as Exhibit F.

25. Defendants' infringement is willful. Defendants knew the footage and images were Plaintiff's: they were taken from Plaintiff's own channels, and the videos are about Plaintiff. After YouTube removed both videos on Plaintiff's takedown notices, Brennan demanded that both videos be reinstated, and Filipczuk continues to display the infringing profile image.

26. Defendants' use is not fair use. Defendants copied Plaintiff's original footage and images verbatim rather than creating their own; used a frame of the Corndog Work as the thumbnail of Video 2, the image used to attract viewers to the video; used a frame of the Travel Work as the identifying image of Filipczuk's X account; and published the copies on the same online platforms where Plaintiff publishes his own videos.

27. Monetary damages alone are not an adequate remedy. Brennan has demanded that YouTube reinstate Video 1 and Video 2, and Filipczuk continues to display the infringing profile image. Unless restrained, Defendants will continue to reproduce and publicly display Plaintiff's works.

## COUNT I

## Copyright Infringement of the Travel Work (Video 1)

## 17 U.S.C. § 501 - Against Both Defendants

28. Plaintiff repeats paragraphs 1 through 27.

29. Plaintiff owns a valid, registered copyright in the Travel Work. Under 17

U.S.C. § 410(c), the certificate of registration is prima facie evidence of the validity of the copyright and of the facts stated in the certificate.

30. Defendants, acting together, reproduced, publicly performed, publicly displayed, and distributed protected expression from the Travel Work in Video 1 without authorization, violating Plaintiff's exclusive rights under 17 U.S.C. § 106(1), (3), (4), and (5).

31. Plaintiff has been damaged and is entitled to his actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b), and to injunctive relief under 17 U.S.C. § 502.

**COUNT II**

**Copyright Infringement of the Corndog Work (Video 2)**

**17 U.S.C. § 501 - Against Both Defendants**

32. Plaintiff repeats paragraphs 1 through 27.

33. Plaintiff owns a valid, registered copyright in the Corndog Work.

34. Defendants, acting together, reproduced and publicly displayed protected expression from the Corndog Work as the thumbnail of Video 2 without authorization, violating Plaintiff's exclusive rights under 17 U.S.C. § 106(1) and (5).

35. Plaintiff is entitled, at his election under 17 U.S.C. § 504(c), to statutory damages of up to $30,000, increased to up to $150,000 because the infringement is willful, or in the alternative to his actual damages and Defendants' profits under 17 U.S.C. § 504(b), and to injunctive relief under 17 U.S.C. § 502.

**COUNT III**

**Copyright Infringement of the Travel Work (X Profile Image)**

**17 U.S.C. § 501 - Against Defendant Filipczuk**

36. Plaintiff repeats paragraphs 1 through 27.

37. Filipczuk reproduced and, as of October 28, 2026, continues to publicly display protected expression from the Travel Work as the profile image of his X account @BabouTheOcicat without authorization, violating Plaintiff's exclusive rights

under 17 U.S.C. § 106(1) and (5).

38. Plaintiff is entitled to his actual damages and Filipczuk's profits attributable to the infringement under 17 U.S.C. § 504(b), and to injunctive relief under 17 U.S.C. § 502.

**COUNT IV**

**Copyright Infringement of the Travel Work (Video 3)**

**17 U.S.C. § 501 - Against Both Defendants**

39. Plaintiff repeats paragraphs 1 through 27.

40. Infringing Video 3. On or before October 29, 2026, Defendants published on the Hella Excited Utterance YouTube channel the video titled "Please, don't defame us," YouTube video ID Qq2YDHbIVLY, located at https://www.youtube.com/watch?v=Qq2YDHbIVLY ("Video 3"). Filipczuk appears in Video 3 as Brennan's co-host.

41. Video 3 copies footage from the Travel Work. The copied footage appears in Video 3 from 0:01:50 to 0:02:10 and was taken from Plaintiff's CrimeCon livestream (video ID LFK8PIKe9ps) at 1:54:41 to 1:54:59.

42. Plaintiff submitted a copyright removal request to YouTube for Video 3. On October 29, 2026, YouTube notified Plaintiff that Video 3 had been removed. A true copy of YouTube's notice is attached as Exhibit G.

43. Defendants, acting together, reproduced, publicly performed, publicly displayed, and distributed protected expression from the Travel Work in Video 3 without authorization, violating Plaintiff's exclusive rights under 17 U.S.C. § 106(1), (3), (4), and (5).

44. Plaintiff has been damaged and is entitled to his actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b), and to injunctive relief under 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Plaintiff asks the Court to enter judgment for Plaintiff and against Defendants

as follows:

A. An order under 17 U.S.C. § 502 restraining Defendants, and all persons acting with them, from reproducing, displaying, performing, distributing, uploading, or causing to be reinstated the infringing videos identified above as Video 1, Video 2, and Video 3, and from any other infringing use of the Travel Work or the Corndog Work;

B. An order requiring Filipczuk to remove the infringing image from the profile of the X account @BabouTheOcicat and restraining him from any further infringing use of the Travel Work;

C. Plaintiff's actual damages and Defendants' profits under 17 U.S.C. § 504(b) for Counts I, III, and IV;

D. Statutory damages under 17 U.S.C. § 504(c) for Count II, enhanced for willful infringement, or, at Plaintiff's election, actual damages and profits;

E. Plaintiff's costs under 17 U.S.C. § 505;

F. Post-judgment interest under 28 U.S.C. § 1961; and

G. Any other relief the Court finds just.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

## EXHIBITS

Exhibit A - Certificate of Registration PA 2-610-953 (JLR INVESTIGATES TRAVEL)

Exhibit B - Certificate of Registration PA 2-610-962 (JLR SANTA MONICA CORNDOG)

Exhibit C - YouTube Removal Request Confirmation for Video 1 (Oct. 23, 2026)

Exhibit D - Counter-Notification for Video 1 (Oct. 28, 2026)

Exhibit E - Counter-Notification for Video 2 and Video 2 Thumbnail (Oct. 28, 2026)

Exhibit F - Profile Image of X Account @BabouTheOcicat (Oct. 28, 2026)

Exhibit G - YouTube Removal Notice for Video 3 (Oct. 29, 2026)

Dated: 10 30 2024, 2026

/s/ Jonathan Lee Riches
Jonathan Lee Riches
9713 Baxley Ln
Port Richey, Florida 34668
(202) 666-9762
truth.seeking.sleuth@gmail.com
Plaintiff, Pro Se

# EXHIBIT A

Certificate of Registration PA 2-610-953 - JLR INVESTIGATES TRAVEL

Riches v. Brennan, et al. - United States District Court, District of Arizona

**Registration #:** PA0002610953
**Service Request #:** 1-15288584591

## Mail Certificate

Jonathan Riches
9713 Baxley Ln
Port Richey, FL 34668 United States

**Priority:** Special Handling **Application Date:** October 23, 2026

## Correspondent

**Name:** JONATHAN RICHES
**Email:** tips.jlrinvestigates@gmail.com
**Address:** 9713 Baxley Ln
9713 Baxley Ln
port richey, FL 34668 United States

**Registration Number**
**PA 2-610-953**
**Effective Date of Registration:**
October 23, 2026
**Registration Decision Date:**
October 26, 2026

## Title

**Title of Work:** JLR INVESTIGATES TRAVEL

## Completion/Publication

**Year of Completion:** 2026
**Date of 1st Publication:** May 30, 2026
**Nation of 1st Publication:** United States

## Author

- **Author:** Jonathan Riches
  **Author Created:** entire motion picture
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Jonathan Riches
9713 Baxley Ln, Port Richey, FL, 34668, United States

## Certification

**Name:** Jonathan Riches
**Date:** October 23, 2026

---

**Correspondence:** Yes
**Copyright Office notes:** Regarding special handling request: Claim upgraded for special handling per request received on 10/26/2026 due to pending/prospective litigation.

# EXHIBIT B

Certificate of Registration PA 2-610-962 - JLR SANTA MONICA CORNDOG

Riches v. Brennan, et al. - United States District Court, District of Arizona

**Registration #:** PA0002610962
**Service Request #:** 1-15290305371

## Mail Certificate

Jonathan Riches
9713 Baxley Ln
Port Richey, FL 34668 United States

**Priority:** Special Handling **Application Date:** October 26, 2026

## Correspondent

**Registration Number**
**PA 2-610-962**
**Effective Date of Registration:**
October 26, 2026
**Registration Decision Date:**
October 26, 2026

## Title

**Title of Work:** JLR SANTA MONICA CORNDOG

## Completion/Publication

**Year of Completion:** 2026
**Date of 1st Publication:** August 29, 2026
**Nation of 1st Publication:** United States

## Author

- **Author:** Jonathan Riches
  **Author Created:** entire motion picture
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Jonathan Riches
9713 Baxley Ln, Port Richey, FL, 34668, United States

## Certification

**Name:** Jonathan Riches
**Date:** October 26, 2026

# EXHIBIT C

YouTube Removal Request Confirmation - Video 1 (October 23, 2026)

Riches v. Brennan, et al. - United States District Court, District of Arizona

From: YouTube Copyright <youtube-disputes+223pt91c9payh07@google.com>
Date: Fri, Oct 23, 2026 at 1:40PM
Subject: [IOGJWQ7ORG2XFVUXKK5ATQUDDM] YouTube Copyright Complaint Submission
To: <truth.seeking.sleuth@gmail.com>

Copyright Infringement Notification Confirmation

Thank you for your submission. It is under review to ensure it is valid and includes all required elements
. We will reply to
this email when we've taken action on your request. You can also check on the status of your takedown request in the Copyright tab's Removal requests

page within the Content detection section of your YouTube Studio.

Here is the information you filled in:

- Copyright Owner Name (Company Name if applicable): Jonathan Riches
- Your Full Legal Name (Aliases, usernames or initials not accepted): Jonathan Riches
- Your Title or Job Position (What is your authority to make this complaint?): Owner
- Address:
- 9713 Baxley Ln

- Port Richey, Florida 34668

- US

- Username: Jonathan Lee Riches
- Email Address: truth.seeking.sleuth@gmail.com
- Phone: 202-666-9762

- URL of allegedly infringing video to be removed:
https://www.youtube.com/watch?v=TAUdWxGEX2U
- Describe the work allegedly infringed: My video
- Title of video: BREAKING - WILD CRAZINESS!! CRIMECON! LAS VEGAS
- LIVE
- Source of video: LFK8PIKe9ps
- Type of video: Internet video
- Where does the content appear?
The content appears in the targeted video from 0:00:41 to 0:01:28 :
https://www.youtube.com/watch?v=TAUdWxGEX2U&t=41
It appears in your source video from 1:45:07 to 1:45:49 :
https://www.youtube.com/watch?v=LFK8PIKe9ps&t=6307

- Country where copyright applies: US
- I state UNDER PENALTY OF PERJURY that:
- I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
- I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
- This notification is accurate.
- I acknowledge that under Section 512(f) of the DMCA any person who knowingly materially misrepresents that material or activity is infringing
may be subject to liability for damages.
- I understand that abuse of this tool will result in termination of

my YouTube channel.
- Authorized Signature: Jonathan Riches

- The YouTube Team




**JLR demonetized for doxxing and bullying/harrassment? That makes NO SENSE!! w @MagnificentMojave**

Hella 🇦🇺 Excited Utterance

| 344 | 9.8K | Oct 17 |
| --- | --- | --- |
| Likes | Views | 2026 |

Thank you to https://x.com/magmojave who made this video, it deserved a wider audience!

# EXHIBIT D

Counter-Notification - Video 1 (October 28, 2026)

Riches v. Brennan, et al. - United States District Court, District of Arizona

From: YouTube Copyright <youtube-disputes+1mpeu2jva8lns0h@google.com>
Date: Wed, Oct 28, 2026 at 2:13AM
Subject: Re: [ZKJ6JZX6IGGN3E7U655RXMKOZE] New Copyright Counter Notification
To: <truth.seeking.sleuth@gmail.com>

We received a counter notification (below) in response to a copyright removal request that
you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have *10 US business days *to reply to this counter notification. Your response *must include evidence that you've taken legal action against the uploader* to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

*Evidence should be submitted by replying directly to this email*. Do not send your reply to copyright@youtube.com.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our Help Center .

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- http://www.youtube.com/watch?v=TAUdWxGEX2U

Display name of uploader: Hella Excited Utterance

Please take notice that Helm Law and Attorney David Helm are acting as authorized agents and representatives of Hella Excited Utterance (@Excitedutterance) in connection with this counter-notification. Attorney David Helm submits this counter-notification on behalf of Hella Excited Utterance in response to the copyright takedown notice only, submitted by Jonathan Riches concerning the following video, which was removed from YouTube.

Hella Excited Utterance (@Excitedutterance) YouTube Channel:

Video at Issue:

JLR demonetized for doxxing and bullying/harrassment? That makes NO SENSE!! w @MagnificentMojave

https://www.youtube.com/watch?v=TAUdWxGEX2U

Statement to the Claimant

On behalf of Hella Excited Utterance (@Excitedutterance), I respectfully dispute the copyright infringement claim concerning the above-referenced video. The takedown notice incorrectly identifies Hella Excited Utterance's use of the claimant's material as infringing. The material was used for purposes of criticism, commentary, reaction, and

satirical parody through juxtaposition, and the use constitutes fair use under Section 107 of the Copyright Act, 17 U.S.C. § 107.

Section 107 recognizes that the fair use of copyrighted material for purposes including criticism and comment is not copyright infringement. The statutory factors include:

1.

The purpose and character of the use;
2.

The nature of the copyrighted work;
3.

The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
4.

The effect of the use upon the potential market for or value of the copyrighted work.

See Cambridge University Press v. Becker, 446 F. Supp. 3d 1145, 1162 (N.D. Ga. 2020).
1. Purpose and Character of the Use

The material identified in the takedown notice--a short clip from the claimant's video titled " BREAKING - WILD CRAZINESS!! CRIMECON! LAS VEGAS - LIVE," appearing in Hella Excited Utterance's video from approximately 0:00:41 to 0:01:28--was incorporated for purposes of criticism, commentary, reaction, and satirical parody. The claimed footage was clipped and juxtaposed with other video and audio in Hella Excited Utterance's video that rebut the words and actions displayed in the claimed portion.

Hella Excited Utterance's video uses the clip to show doxxing and bullying/harassment taking place in the claimed material on the claimant's own channel. Other clips in the video show the uploader (Jonathan Riches) complaining about YouTube removing his videos and saying:

AI Transcript reads:

"They're calling it under. Policy on personal identifiable information. And harassment and bullying."

In another juxtaposing portion of the video, some police audio is heard, identifying the claimant:

AI Transcript reads:

"Seen live streaming. For YouTuber, J.L.R. Investigates. Driving around there at home. Feel threatened."

In its entirety, the montage of clips that makes up the claimed video "JLR demonetized for doxxing and bullying/harrassment? That makes NO SENSE!! w @MagnificentMojave" provides a new editorial perspective of the actions of this public figure, Jonathan Lee Riches. The resulting presentation adds new expression, context, commentary, and reaction. The copyrighted material therefore serves as the subject of the commentary and criticism rather than

as a substitute for the original work.

2. Nature of the Copyrighted Work

The claimant's material was used in connection with Hella Excited Utterance's commentary and criticism of the statements and conduct presented in the original video, specifically conduct involving doxxing and bullying/harassment. The original work was not reproduced for the purpose of allowing viewers simply to watch or consume the claimant's content.

Moreover, Hella Excited Utterance's video uses only a small, fractional portion of the claimant's substantially longer work.

3. Amount and Substantiality of the Portion Used

The original video runs for 11 hours, 47 minutes, and 27 seconds. Only a fractional portion--approximately 47 seconds (from 0:00:41 to 0:01:28)--was used. The use of this limited excerpt was limited to what was reasonably necessary to identify and provide context for the subject of the criticism, commentary, and satirical juxtaposition. The claimed material is incorporated into a substantially different presentation through juxtaposition with other video and audio that rebut the words and actions shown.

The resulting video therefore does not merely reproduce the claimant's content for entertainment or viewing purposes. It adds new context, reaction, criticism, commentary, and original material through satirical contrast.

4. Effect on the Potential Market

Hella Excited Utterance's video does not replace the claimant's original video or serve as a substitute for it. A viewer seeking to watch the claimant's approximately 11 hour and 47 minute original video would not obtain that experience by watching Hella Excited Utterance's substantially different video containing approximately 47 seconds of the original material, used for critical juxtaposition and commentary.

The purpose, presentation, and content of the two videos are materially different. Hella Excited Utterance's use therefore does not supplant the market for the claimant's original work.

Conclusion

For these reasons, Hella Excited Utterance has a good-faith basis to believe that its use of the copyrighted material falls within the statutory fair-use exception recognized by 17 U.S.C. § 107, particularly because the material was used for purposes of criticism, commentary, reaction, and satirical parody through juxtaposition.

Accordingly, on behalf of Hella Excited Utterance, I respectfully request that the copyright claim and associated takedown be withdrawn and that the video identified above be restored to YouTube.

Hella Excited Utterance has a good-faith belief that the material was removed or disabled as a result of mistake or misidentification and that the material was used in a manner permitted by law.

I declare under penalty of perjury that the information contained in this counter-notification is accurate and that I am authorized to act on behalf of Hella Excited Utterance, the party whose material was removed or disabled as a result of the copyright claim.

Sincerely,

David Helm

Attorney and Authorized Agent for Hella Excited Utterance

HELM LAW

598 N. Mill St.

Plymouth, MI 48170

248-679-8804

serifthecat@gmail.com

Help Center Email Options

You received this email to provide information and updates around your YouTube channel or account.

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

# EXHIBIT E

Counter-Notification and Thumbnail - Video 2 (October 28, 2026)

Riches v. Brennan, et al. - United States District Court, District of Arizona

From: YouTube Copyright <youtube-disputes+1e8uvocdspp4m0h@google.com>
Date: 10/28/26 2:14 AM (GMT-05:00)
To: truth.seeking.sleuth@gmail.com
Subject: Re: [U4BFS6QEEZCIBFC2GF3YSCL26E] New Copyright Counter Notification

We received a counter notification (below) in response to a copyright removal request that
you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have *10 US business days *to reply to this counter notification. Your response *must include evidence that you've taken legal action against the uploader* to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

*Evidence should be submitted by replying directly to this email*. Do not send your reply to copyright@youtube.com.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our Help Center .

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- http://www.youtube.com/watch?v=maC9ViPXA_Q

Display name of uploader: Hella Excited Utterance

Please take notice that Helm Law and Attorney David Helm are acting as authorized agents and representatives of Hella Excited Utterance (@Excitedutterance), in connection with this counter-notification. Attorney David Helm submits this counter-notification on behalf of Hella Excited Utterance in response to the copyright takedown notice only, submitted by JONATHAN RICHES concerning the following video, which was removed from YouTube.

Hella Excited Utterance (@Excitedutterance) YouTube Channel:

Video at Issue:

Mannequin hires Doug the Ex-Judge for his disorderly conduct citation + Let's talk extortion

https://www.youtube.com/watch?v=maC9ViPXA_Q

Statement to the Claimant

On behalf of Hella Excited Utterance (@Excitedutterance), I respectfully dispute the copyright infringement claim concerning the above-referenced video. The takedown notice incorrectly identifies Hella Excited Utterance's use of the claimant's material as infringing. The

material was used for purposes of criticism, commentary, and identification of the public figure who is the subject of the video's discussion, and the use constitutes fair use under Section 107 of the Copyright Act, 17 U.S.C. § 107.

Section 107 recognizes that the fair use of copyrighted material for purposes including criticism and comment is not copyright infringement. The statutory factors include:
1. The purpose and character of the use;
2. The nature of the copyrighted work;
3. The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
4. The effect of the use upon the potential market for or value of the copyrighted work.

See Cambridge University Press v. Becker, 446 F. Supp. 3d 1145, 1162 (N.D. Ga. 2020).

1. Purpose and Character of the Use

The material identified in the takedown notice--a still image of Jonathan Lee Riches (JLR) eating a corndog, drawn from the claimant's video titled "JLR SANTA MONICA CORNDOG"--was incorporated into a custom thumbnail for Hella Excited Utterance's video. The thumbnail combined the image with text, other images, and graphics. The image was used solely to identify Mr. Riches as the public figure at the center of the ongoing story discussed in the video: his criminal disorderly conduct case in Tucson, Arizona. The video thumbnail headline "Going to Trial" clearly indicated this purpose of commentary and discussion regarding the public legal proceedings.

Hella Excited Utterance did not simply reproduce or republish the claimant's image. Instead, a limited still image was used as the subject of identification and commentary within a substantially different composite thumbnail. The resulting thumbnail adds new expression, context, commentary, and identification. The copyrighted material therefore serves as the subject of the commentary rather than as a substitute for the original work.

2. Nature of the Copyrighted Work

The claimant's material--a still frame from a video of a public figure eating a corndog--was used in connection with Hella Excited Utterance's commentary and criticism of the statements, conduct, and ongoing criminal case involving Jonathan Lee Riches. The original work was not reproduced for the purpose of allowing viewers simply to watch or consume the claimant's content. The image depicts a public figure in a public setting and was used for news and commentary identification purposes.

Moreover, Hella Excited Utterance's video uses only a single still image from the claimant's substantially longer video work, not any substantial portion of the video itself.

3. Amount and Substantiality of the Portion Used

Only a single still image (from the video "JLR SANTA MONICA CORNDOG") was used, and solely in the custom thumbnail. No portion of the claimant's video was played or reproduced within the body of Hella Excited Utterance's video. The image was incorporated into a composite thumbnail with additional text, graphics, and other images, creating a substantially

different presentation. The use of this single image was limited to what was reasonably necessary to identify the public figure who is the subject of the video's criticism and commentary regarding his Tucson disorderly conduct case.

The resulting thumbnail and video therefore do not merely reproduce the claimant's content for entertainment or viewing purposes. They add new context, reaction, criticism, commentary, and original material.

4. Effect on the Potential Market

Hella Excited Utterance's video and thumbnail do not replace the claimant's original video or serve as a substitute for it. A viewer seeking to watch the claimant's original video "JLR SANTA MONICA CORNDOG" would not obtain that experience by viewing a custom thumbnail containing one still image combined with other graphics and text, nor by watching Hella Excited Utterance's entirely different video about the Tucson case and related topics.

The purpose, presentation, and content of the two works are materially different. Hella Excited Utterance's use therefore does not supplant the market for the claimant's original work.

Conclusion

For these reasons, Hella Excited Utterance has a good-faith basis to believe that its use of the copyrighted material falls within the statutory fair-use exception recognized by 17 U.S.C. § 107, particularly because the material was used for purposes of criticism, commentary, and identification of a public figure in discussion of ongoing legal proceedings.

Accordingly, on behalf of Hella Excited Utterance, I respectfully request that the copyright claim and associated takedown be withdrawn and that the video identified above be restored to YouTube.

Hella Excited Utterance has a good-faith belief that the material was removed or disabled as a result of a mistake or misidentification and that the material was used in a manner permitted by law.

I declare under penalty of perjury that the information contained in this counter-notification is accurate and that I am authorized to act on behalf of Hella Excited Utterance, the party whose material was removed or disabled as a result of the copyright claim.

Sincerely,

David Helm

Attorney and Authorized Agent for Hella Excited Utterance

HELM LAW

598 N. Mill St.

Plymouth, MI 48170

248-679-8804

serifthecat@gmail.com

Help Center Email Options

You received this email to provide information and updates around your YouTube channel or account.

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066


GOING TO TRIAL!!
DID I TELL YOU I'M AN EX JUDGE?
CALL/TEXT DOUG 24/7
"Donuts & other food will be coming your way."
TOP 10
TUCSON
DOMESTIC VIOLENCE LAWYER
2026
Upcoming
Mannequin hires Doug the Ex-Judge for his disorderly conduct citation + Let's talk extortion ...
Hella 🇬🇧 Excited Utterance ▷ 4 waiting Scheduled for 10/...

# EXHIBIT F

Profile Image of X Account @BabouTheOcicat ("Dali Talk") - Captured October 28, 2026

Riches v. Brennan, et al. - United States District Court, District of Arizona


Dali Talk
38.8K posts
Follow
Dali Talk
@BabouTheOcicat
Just a man with a cat named Babou and Babou Jr. Parody of Salvador Dali.
I stream trials.
youtube.com/@DaliTalk/stre...
linktr.ee/dalitalk
Media & News
Joined June 2010
2,189 Following
3,295 Followers
Followed by Scum Bag and BadAssBitchhh
Posts
Replies
Reposts
Media



# EXHIBIT G

YouTube Removal Notice - Video 3 (October 29, 2026)

Riches v. Brennan, et al. - United States District Court, District of Arizona

Gmail

amanda wilson <amandawilson9130@gmail.com>

**Fwd: [L7RVKUAPG5OCECJHE65VGIKTNU] YouTube Copyright Complaint Submission**

**Jonathan Lee Riches** <truth.seeking.sleuth@gmail.com> Thu, Oct 29, 2026 at 3:45 PM
To: amanda wilson <amandawilson9130@gmail.com>

---------- Forwarded message ---------
From: **YouTube Copyright** <youtube-disputes+3lbeq766ofhlo07@google.com>
Date: Thu, Oct 29, 2026 at 5:56 PM
Subject: [L7RVKUAPG5OCECJHE65VGIKTNU] YouTube Copyright Complaint Submission
To: <truth.seeking.sleuth@gmail.com>

YouTube

Hi Jonathan Lee Riches,

Thank you for your response. We've reviewed it and provided updates below.

## Request resolved

The content listed below has been removed.

Videos in question:

https://www.youtube.com/watch?v=Qq2YDHbIVLY

We use a combination of automated systems and human reviews to process removal requests.

You may take back your claim of copyright infringement at any time if you change your mind.

- The YouTube Team

Here is the information you filled in:

Copyright Owner Name (Company Name if applicable): Jonathan Riches
Your Full Legal Name (Aliases, usernames or initials not accepted):
Jonathan Riches
Your Title or Job Position (What is your authority to make this complaint?):
OWNER
Address:
9713 Baxley Ln
Port Richey , Florida 34668
US
Username: Jonathan Lee Riches
Email Address: truth.seeking.sleuth@gmail.com
Phone: 202-666-9762

URL of allegedly infringing video to be removed: https://www.youtube.com/watch?v=Qq2YDHbIVLY
Describe the work allegedly infringed: My video

- Title of video: 🔴 BREAKING - WILD CRAZINESS!! CRIMECON! LAS VEGAS - LIVE
- Source of video: LFK8PIKe9ps
- Type of video: Internet video
- Where does the content appear?
  The content appears in the targeted video from 0:01:50 to 0:02:10 : https://www.youtube.com/watch?v=Qq2YDHbIVLY&t=110
  It appears in your source video from 1:54:41 to 1:54:59 : https://www.youtube.com/watch?v=LFK8PIKe9ps&t=6881

Country where copyright applies: US
I state UNDER PENALTY OF PERJURY that:

- I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
- I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
- This notification is accurate.
- I acknowledge that under Section 512(f) of the DMCA any person who knowingly materially misrepresents that material or activity is infringing may be subject to liability for damages.
- I understand that abuse of this tool will result in termination of my YouTube channel.

Authorized Signature: Jonathan Riches

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066