Jonathan Lee Riches
9713 Baxley Ln
Port Richey, Florida 34668
(202) 666-9762
truth.seeking.sleuth@gmail.com
Plaintiff, Pro Se

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 2 0 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jonathan Lee Riches,<br><br>Plaintiff,<br><br>v.<br><br>Helen Brennan; and<br>Matthew Filipczuk,<br><br>Defendants. | No. CV-26-10093-PHX-MBM<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT HELEN BRENNAN BY EMAIL UNDER FED. R. CIV. P. 4(f)(3)** |

Plaintiff Jonathan Lee Riches moves for an order under Federal Rule of Civil Procedure 4(f)(3) allowing him to serve the summons and complaint on Defendant Helen Brennan by email at excitedutteranceau@gmail.com, the email address Brennan publishes on her YouTube channel, with a copy sent by email to David Helm, the attorney who acted for her channel in the YouTube copyright dispute underlying this case. This motion is supported by the following memorandum and the Declaration of Jonathan Lee Riches filed with it.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

1. Plaintiff filed this copyright infringement action on October 30, 2026. (Doc. 1.) The complaint alleges that Brennan resides in Brisbane, Queensland,

Australia, and operates the YouTube channel “Hella Excited Utterance” (@Excitedutterance), on which the infringing videos were published. (Doc. 1.)

2. On October 28, 2026, attorney David Helm submitted counter-notifications to YouTube on behalf of the Hella Excited Utterance channel for the infringing videos. (Doc. 1, Exs. D, E.)

3. Plaintiff asked Mr. Helm in writing whether he was authorized to accept service of the summons and complaint on Brennan’s behalf. On October 30, 2026, Mr. Helm replied by email from david@helmlawpc.com: “My authorization was limited to submitting the YouTube counter-notifications on behalf of Hella Excited Utterance. I am not authorized to accept or waive service of a summons and complaint on Hella’s behalf and therefore decline your request.” (Riches Decl. ¶ 4, Ex. A.)

4. Plaintiff does not know Brennan’s street address, and he has no means to search for the address of a person living in Australia. (Riches Decl. ¶ 5.)

5. The “More info” section of the Hella Excited Utterance YouTube channel lists excitedutteranceau@gmail.com as the channel’s email address. (Riches Decl. ¶ 6, Ex. B.)

6. Plaintiff will send the service email using an email tracking service that records when the email is delivered and opened, and will file that record with his proof of service. (Riches Decl. ¶ 7.)

## II. ARGUMENT

### A. Rule 4(f)(3) Authorizes Court-Ordered Service by Email.

An individual in a foreign country may be served “by other means not prohibited by international agreement, as the court orders.” Fed. R. Civ. P. 4(f)(3).

In the Ninth Circuit, service under Rule 4(f)(3) "is neither a 'last resort' nor 'extraordinary relief.'" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). It is "merely one means among several which enables service of process on an international defendant." *Id.* The plaintiff need only "demonstrate that the facts and circumstances . . . necessitate[]" the Court's intervention. *Id.* at 1016. *Rio Properties* itself upheld court-ordered service on a foreign defendant by email.

Courts in this District grant alternative service under Rule 4(f)(3), including by email. *See Hydentra HLP Int. Ltd. v. Sagan Ltd.*, No. CV-16-01494-PHX-DGC, Doc. 28 (D. Ariz. Feb. 7, 2017) (granting motion for alternative service and allowing service by email to defendants' counsel); *Fornix Holdings LLC v. Unknown Party*, No. CV-24-03383-PHX-KML (D. Ariz. Jan. 13, 2025) (applying *Rio Properties* to service on foreign defendants and directing that copies of the summons and complaint also be sent to their email addresses).

The facts here call for the Court's intervention. Brennan lives abroad, her street address is unknown, Plaintiff has no means to search for it, and the only person who has acted for her in this dispute has refused in writing to accept or waive service for her. (Riches Decl. ¶¶ 4–5, Ex. A.)

**B. Email Service Is Not Prohibited by International Agreement.**

The Hague Service Convention "shall not apply where the address of the person to be served with the document is not known." Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 1, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Brennan's address is not known. (Riches Decl. ¶ 5.) The Convention therefore does not

apply, and no international agreement prohibits service by email.

### C. Email Service Satisfies Due Process.

Service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Email to excitedutteranceau@gmail.com meets that standard. Brennan publishes that address as the email address for the same YouTube channel on which the infringing videos appeared. (Riches Decl. ¶ 6, Ex. B.) The tracking record will show whether the email was delivered and opened. (Riches Decl. ¶ 7.) A copy to Mr. Helm, who acted for the channel in the YouTube dispute over these same videos, gives Brennan additional notice. (Doc. 1, Exs. D, E.)

## III. CONCLUSION

Plaintiff asks the Court to enter an order: (1) authorizing service of the summons, complaint, and this Court's order on Defendant Helen Brennan by email to excitedutteranceau@gmail.com, with a copy by email to David Helm at david@helmlawpc.com; (2) deeming service complete on the date the email is sent; and (3) directing Plaintiff to file proof of service, including the email tracking record, within seven days after sending.

Dated: November 17, 2026

/s/ Jonathan Lee Riches
Jonathan Lee Riches
9713 Baxley Ln
Port Richey, Florida 34668
(202) 666-9762
truth.seeking.sleuth@gmail.com
Plaintiff, Pro Se